## Holsman Estate

*Pepper, Hamilton & Scheetz,* for appellant.
*Charles F. Nahill,* for Commonwealth.

BURKE, J., July 7, 1966.—This is an appeal by Girard Trust Bank, surviving trustee under the will of Gerald Holsman, from the assessment of transfer inheritance tax.

Testator died on January 9, 1951, leaving a will in which, after making pecuniary gifts to collaterals, he bequeathed one half of his estate to his wife, Katherine Norton Holsman, and gave the remaining one half of his estate in trust to pay the income to his wife for life. Upon the death of his wife, testator gave the principal of the trust to his daughter, Mary Markoe Holsman. Should his daughter predecease the life tenant, the principal was to pass to the trustees of the University of Pennsylvania.

Testator was survived by his wife and daughter, and his daughter thereafter died on February 25, 1961. His wife died on October 4, 1964, and the trust thereupon terminated. The daughter's interest in principal was defeated in her mother's lifetime by her death, and the principal passed to the University of Pennsylvania.

The question posed turns on the application of the Act of May 28, 1956, P. L. 1759, as amended by the Act of July 11, 1957, P. L. 821, (charitable exemption), effective June 1, 1957. Appellant contends that since the charity did not come into possession until October 4, 1964, date of life tenant's death, the said act relieves the charity of any imposition of inheritance tax.

On the contrary, the Commonwealth claims that the said act is prospective and the right to assess taxes arose on the death of testator, which preceded the right of possession by the charity.

Our research discloses no appellate court decisions on this question subsequent to Tracy Estate, 403 Pa. 373. In Tracy, testatrix died on October 3, 1947, leaving life estates to her sisters and upon the death of the survivor of them the corpus was to be distributed to named charities. The dispositive provisions in Tracy created vested remainders, while in the case at bar, the charity had a contingent remainder, subject to the predecease of the daughter. Appellant relies on the present charity's coming into possession after the effective date of the said act.

In Tracy, supra, the court said, at pages 374, 375, that:

"The parties agree that the right to tax accrued at death, which is the taxing event, and that the transfer occurred at that time. The Act of 1919, in imposing the tax on a transfer, made it payable when the person liable for the tax shall actually come into possession of the taxable estate at the end of intervening estates

for life or years. The Act of 1956, exempting gifts to charities, was made prospectively effective to June 1, 1957. . . ."

It is manifest from the above-quoted opinion that *the taxing event arises at the date of testator's death,* January 9, 1951, while the payment of the tax accrues on the vesting of possession, October 4, 1964. In Tracy, the Supreme Court drew no distinction between vested and contingent remainders. For the foregoing reasons, I conclude as a matter of law that the assessment of inheritance tax on the charitable gift is valid, and I enter the following

### DECREE

And now, July 7, 1966, the appeal from the tax assessment is dismissed.